UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

TICOR TITLE INSURANCE CO.,

    Plaintiff,          No. 08 Civ. 1336

 -v-

EMPIRE LOGGING AND TIMBER, LLC, and
ROBERT E. BASCHMANN, JR.,

    Defendants.

---------------------------------------------------------------- x


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
A TEMPORARY RESTRAINING ORDER ENJOINING DEFENDANTS FROM
WITHDRAWING, TRANSFERRING OR DISPOSING OF CERTAIN FUNDS
AND MAKING ANY REPRESENTATIONS TO THE PUBLIC THAT THE
DEFENDANTS ARE ASSOCIATED WITH OR RELATED TO
TICOR TITLE INSURANCE COMPANY**


                Christopher J. Clark
                Paul H. Cohen
                Kevin C. Wallace
                Dewey & LeBoeuf LLP
                1301 Avenue of the Americas
                New York, New York 10019
                (212) 259-8000

                *Attorneys for Plaintiff*
                *Ticor Title Insurance Co.*

Ticor Title Insurance Co. ("Ticor Title"), through its attorneys Dewey & LeBoeuf LLP, submits this memorandum of law, together with its Complaint and the Affidavit of Brian Lamb ("Lamb Aff.") in support of its motion by *ex parte* order to show cause for a Temporary Restraining Order enjoining Defendants, Empire Logging and Timber LLC ("Empire Logging") and Robert E. Baschmann, Jr. ("Baschmann") from (1) withdrawing, transferring or disposing of any funds transmitted by Ticor Title to Defendants' Bank of China Account Number 01006012, in connection with the Defendants' so-called "private lending source programs," and (2) making any representations to the public that the Defendants are associated with or related to Ticor Title.

## PRELIMINARY STATEMENT

This is a case of blatant fraud that needs to be stopped now. Defendants have concocted a simple but effective scheme for depriving unsuspecting victims of their funds. Plaintiff has until played an unwitting, but critical, part, in their scheme. Unless Defendants are immediately enjoined, they will cheat innocent people out of millions of dollars, using – and damaging – Plaintiff's good name in the process.

The scheme is as follows: Empire Logging advertises a loan service through various promotional materials and on the Internet. Borrowers, claims Empire Logging, can receive loans at "an unprecedented 4% interest rate." There is a catch: after submitting a preapproval application and being notified that the preapproval has been accepted, the borrowers must submit 1% of the total loan amount they request. In order to show its supposed good faith, Empire Logging tells applicants to place their deposit in an escrow account with Plaintiff.

NYB 679836.3 14078 00001 2/10/2008 09:55pm

For a time, Empire Logging solicited would-be borrowers from its own web site. Recently, however, Empire Logging took to advertising its "loan" service through a web site titled www.washingtontitle.com. The web site is owned by Ticor Title. By some illicit means, Defendants caused Empire Logging to appear on the website as an affiliate of Ticor Title. This is absolutely false. Thus, appropriating Ticor Title's name and reputation, Empire Logging held itself out as a legitimate loan provider.

Nothing could be further from the truth. In addition to using Ticor Title's name without authorization, Empire Logging has no intention of serving as a legitimate lender. To the contrary, Defendants may be on the verge of taking all their "borrowers'" deposits and transferring them abroad. Specifically, Empire Logging has shown interest in a property in Panama – a property for which it sought title insurance from an affiliate of Ticor Title (and which that affiliate declined to provide). Upon information and belief, Defendants may seek to invest their ill-gotten gains in this Panamanian property, irrevocably placing the assets of their victims beyond the reach of American process.

Defendants' activities are now under investigation by the Officer of the Comptroller of the Currency, the Federal Bureau of Investigation, and state law enforcement authorities in Washington and New York states. Unless this Court takes immediate action, however, both to freeze Baschmann's bank account and to stop Empire Logging from pretending to be affiliated with Ticor Title, irrevocable harm will be done both to the financial victims of Defendants, who will have lost millions of dollars in the aggregate due to Defendants' fraud, and to Ticor Title, which risks being tarred with the brush of that same corrupt scheme by clients, prospective clients, and possibly regulators.

## STATEMENT OF RELEVANT FACTS

We respectfully refer this Court to the Complaint submitted in connection with this Motion for a full recitation of the factual allegations. For the purpose of this memorandum, the following facts are relevant:

Empire Logging solicits borrowers with an application which can be provided "only" through its "authorized" marketing agents. (Lamb Aff. Exs. 1, 2, 3) Once a loan application is approved, typically within seven to ten days, borrowers are instructed to send a deposit equivalent to 1% of the total loan amount into an escrow account with Ticor Title. (*Id.*) Borrowers are told that it will take 65-70 days for their transactions to close. (*Id.*) Upon completion and closing, the form states that the 1% deposit will be applied to the first 18 months of interest due. (*Id.*)

Empire Logging then executes a promissory note to the borrower, undertaking to apply the 1% deposit to the loan as prepaid interest payments. (Lamb Aff. Ex. 4) Once the promissory note has been executed, Empire Logging asks Plaintiff to transfer the deposit into the bank account of Empire Logging's principal, Baschmann. (Lamb Aff. Ex. 1)

Empire Logging held itself out to borrowers as an affiliate of Ticor Title. Empire Logging hacked into a website (www.washingtontitle.com) that falsely stated that Empire Logging is a branch operation of Ticor Title, which it is not, in furtherance of its scheme.[1] (Lamb Aff. Ex. 5) Although Ticor Title removed the link on an emergency basis, this required the partial disabling of the site. There remains no guarantee, furthermore, that Empire Logging will not take additional illegal steps to associate itself with Ticor Title.

---

[1] A previous website used by Empire Logging (www.eltproject@billionairegroup.com) is now defunct.

On or about February 1, 2008, Ticor Title began receiving inquiries from concerned would-be borrowers who had sent deposits with their loan applications to Empire Logging. (Lamb Aff. Ex. 6) Following these inquiries, Ticor Title has discovered millions of dollars in deposits tied to Defendants' scheme. Specifically, hundreds of escrow accounts were opened with Ticor Title's office in Tacoma, Washington. (Lamb Aff. Ex. 7) Ticor Title believes that deposits exceeding one million dollars have been placed in such accounts and subsequently transmitted to Baschmann's personal account with the Bank of China. (Lamb Aff. Ex. 7)

Ticor Title is currently holding any new deposits and has not closed any new transactions in the last few days. The company has told Empire Logging that it will not close any more transactions until Empire Logging can adequately demonstrate that it is licensed to be in the lending business in the State of Washington.

Upon learning of Defendants' illegal operations, Ticor Title reacted immediately by contacting state and federal law enforcement authorities in the State of Washington, the State of New York, and Washington, D.C.

Ticor Title now seeks a Temporary Restraining Order enjoining Baschmann from transferring any funds from his bank account holding the deposits, and directing Empire Logging to cease from holding out itself out as an affiliate of Ticor Title, pending the imposition of permanent injunctive relief for the same.

## ARGUMENT

Under the legal standard for granting a temporary restraining order, the movant must show (1) irreparable harm should the injunction not be granted, and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits

and a balance of hardships tipping decidedly toward the part seeking injunctive relief. *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33 (2d Cir.1995); *Reuters Ltd. v. United Press Intern., Inc.*, 903 F.2d 904, 907 (2d Cir. 1990).

### I.     Immediate Danger of Irreparable Injury

Ticor Title needs immediate relief. In this case, a temporary restraining order is indispensable because it is the only method of correcting the harm before it becomes irrevocable. Without immediate judicial intervention, Baschmann can take the monies previously held in Ticor Title's escrow account outside the jurisdiction of the United States, preventing the borrowers that Defendants defrauded from ever having their "deposit" returned. This threat is imminent, as Defendants are presently attempting to close new transactions. *See Reuters*, 903 F.2d at 907 ("Irreparable harm must be shown by the moving party to be imminent, not remote or speculative…").

By the same token, without emergency relief Empire Logging continues to be falsely, and damagingly, associated with Ticor Title, by virtue of Empire Logging's misappropriation of Ticor Title's name on the Internet. Unless immediate action is taken, Ticor Title runs the risk of being wrongfully associated with, or seen as complicit in, Defendants' fraud. This would cause immeasurable damage to Ticor Title's reputation and good will. *Jacobson & Co., Inc. v. Armstrong Cork Co.*, 548 F.2d 438, 444-45 (2d Cir. 1977) (threatened loss of good will sufficient to show irreparable harm).

### II.    Ticor Title has a Meritorious Action

"Likelihood of success means only that the probability of success is more than fifty percent." *Kamine/Besicorp Allegany L.P. v. Rochester Gas & Electric Corp.*, 908 F. Supp. 1180, 1187 (W.D.N.Y. 1995).

Based on the evidence submitted in support of its motion, Ticor Title is more likely than not to prevail against Defendants on the merits of this action. There is no question that Empire Logging has made use of Ticor Title's name and reputation to advertise its fraudulent scheme entirely without Ticor Title's authorization. And there is substantial evidence to support the fact that Defendants' scheme is a fraud upon unsuspecting would-be borrowers. At the very least, Ticor Title has demonstrated sufficiently serious questions that go to the heart of this matter. Thus, a temporary restraining order is proper.

### III.   Balance of Hardships Support a Temporary Restraining Order

The granting of a temporary restraining order in this case would impose no hardship on Defendants. The funds in Baschmann's Bank Account consist of the ill-gotten gains of Defendants' scheme. In the unlikely event that Defendants are vindicated, the funds in the account will remain available for Baschmann's use. The reverse, however, is not the case. And there is simply no rightful hardship associated with ceasing to claim a name and affiliation to which one is not entitled.

## CONCLUSION

For all the foregoing reasons, Ticor Title is entitled to immediate relief in the nature of a temporary restraining order enjoining Baschmann from transferring any funds from his Bank of China account, and enjoining Empire Logging from holding itself out as associated or affiliated with Ticor Title.

Dated: February 11, 2008            DEWEY & LEBOEUF LLP

By: _____
Christopher J. Clark
Paul H. Cohen
Kevin C. Wallace
1301 Avenue of the Americas
New York, New York 10019
(212) 259-8000

*Attorneys for Plaintiff
Ticor Title Insurance Co.*