UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TICOR TITLE INSURANCE CO.,

        Plaintiff,

   -v-

EMPIRE LOGGING AND TIMBER, LLC, and
ROBERT E. BASCHMANN, JR.,

        Defendants.
------------------------------------------------------------ x

Index No. 08 Civ. 1336 (LBS)

AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                             SS.:
COUNTY OF NEW YORK  )

       PAUL H. COHEN, being duly sworn, deposes and says, I am associated with the law firm of Dewey & LeBoeuf LLP, attorneys for Plaintiff herein.

       On the 13th day of February, 2008, I served a true and correct copy of the following documents:

       1). SUMMONS IN A CIVIL ACTION;

       2). COMPLAINT;

       3). CIVIL COVER SHEET;

       4). ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER;

       5). PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A TEMPORARY RESTRAINING ORDER ENJOINING DEFENDANTS FROM WITHDRAWING, TRANSFERRING OR DISPOSING OF CERTAIN FUNDS AND

MAKING ANY REPRESENTATIONS TO THE PUBLIC THAT THE DEFENDANTS ARE ASSOCIATED WITH OR RELATED TO TICOR TITLE INSURANCE COMPANY;

    6). RULE 7.1 DISCLOSURE STATEMENT;

    7). INDIVIDUAL PRACTICE RULES OF JUDGE SAND,

    8). INDIVIDUAL PRACTICE RULES OF MAGISTRATE JUDGE DEBRA FREEMAN, and

    9). THE BOND FOR THE TEMPORARY RESTRAINING ORDER,

via electronic mail upon the following attorney as Counsel to the Bank of China:

Christopher Brady
BUTZEL LONG
brady@butzel.com

Attached hereto are copies of the emails addressed to Christopher Brady.

_____
PAUL H. COHEN

Sworn to before me this
13th day of February, 2008

_____
NOTARY PUBLIC
KEVIN M. KOHBERGER
NOTARY PUBLIC, State of New York
No. 01KO6147080
Qualified in Kings County
Certificate Filed in New York County
Commission Expires May 30, 2010

## Cohen, Paul

| From: | Cohen, Paul |
|---|---|
| Sent: | Wednesday, February 13, 2008 9:43 AM |
| To: | 'brady@butzel.com' |
| Subject: | Ticor Title Insurance v. Empire Logging and Timber (08cv1336) Documents |
| Attachments: | 08cv1336 - 7.1 Statement.pdf; 08cv1336 - Civil Cover Sheet.pdf; 08cv1336 - Complaint.pdf; 08cv1336 - Plaintiff's Memo of Law in Support.pdf; 08cv1336 - Summons in a Civil Action.pdf; 08cv1336 - Order to Show Cause with Decl. and Affidavit.pdf; Individual Practices of Judge Sand.pdf; Individual Practices of Mag. Freeman.pdf |

I belatedly realize that we didn't provide BoC with all the papers in this matter. Sorry about that. Here they are attached. Let me know if they should be directed to someone at the bank. Thanks.

---

Paul H. Cohen
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019
Direct: +1 212 259 8145
General: +1 212 259 8000
Fax: +1 212 259 6333
Mobile: +1 917 647 6450
pcohen@dl.com
www.dl.com

2/13/2008

## Cohen, Paul

| | |
|---|---|
| **From:** | Cohen, Paul |
| **Sent:** | Wednesday, February 13, 2008 9:22 AM |
| **To:** | 'brady@butzel.com' |
| **Subject:** | Ticor Title v. Empire Logging |
| **Attachments:** | Document.pdf |

Hi, Chris. I received a message from a colleague of yours yesterday evening. It was from a cell phone and the reception was poor, so I couldn't catch her name. If I understood the gist of her message, it was that my letter of yesterday to Judge Sand was insufficiently clear in BoC's eyes even if approved/so ordered, because it would bind only defendants from taking action with their BoC account, not the bank itself. She asked that I seek further clarification from the Court to that effect.

Forgive my ignorance, but I don't follow. If BoC is (as hopefully it shortly will be) in possession of a confirmation by the judge that the freeze is in effect with respect to defendants, then surely it has sufficient ground for not taking action on the account. Unless someone other than defendants is authorized to transfer money from the account, I presume that the bank can tell defendants that it has been served with notice of the restraint and awaits a determination at the hearing.

If the suggestion is that BoC has a duty to obey its customers' instructions and will be liable for not doing so even when it knows that such instructions violate a court order, then I am frankly skeptical. I understand that you have a duty to advise the bank of its position, but if you truly require further clarification as to the bank's obligations in this case, I respectfully suggest that you seek it directly from the Court.

I also attach for your information a copy of Ticor Title's $500,000 bond executed as a condition of the TRO.

---------------------------------------------------

Paul H. Cohen
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019
Direct: +1 212 259 8145
General: +1 212 259 8000
Fax: +1 212 259 6333
Mobile: +1 917 647 6450
pcohen@dl.com
www.dl.com

2/13/2008